# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**D. URYYAH AJAMU,**

        **Plaintiff,**

**-vs-**                                                  Case No.  6:13-cv-450-Orl-28KRS

**DENISE Y. WILLIS, KAREN THRAILKILL, SONJA REEVES, JANELL A. SPOLSKI, TERESA THOMSON, SANFORD MAIN POST OFFICE, LAKE MONROE POST OFFICE,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

       This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**      **March 20, 2013**

### I.    BACKGROUND.

       On March 20, 2013, Plaintiff, D. 'Uryyah Ajamu ("Ajamu"), filed a complaint against Denise Y. Willis, Karen Thrailkill, Sonja Reeves, Janell A. Spolski, Teresa Thomson, the Sanford Main Post Office, and the Lake Monroe Post Office.  Doc. No. 1.  Ajamu's Complaint appears to arise out of state court litigation he is pursuing against Willis and his unsuccessful attempts to serve her with a summons and complaint in that litigation.  *Id.*  ¶¶ I-II; Doc. No. 1-2 at 1-2, 4.

Ajamu invokes the Court's jurisdiction pursuant to Article III of the United States Constitution; the Fourteenth Amendment to the United States Constitution; 18 U.S.C. §§ 1001, 1038, and 1341; 28 U.S.C. §§ 1331, 1343, 1442, and 1443; 42 U.S.C. § 1983; the Civil Rights Act of 1964; and 39 C.F.R. § 265.6(d)(4)(ii). Doc. No. 1 at 1. The allegations of Ajamu's Complaint fall into two (2) broad categories. First, Ajamu seeks criminal prosecution of Willis for allegedly committing mail fraud by, among other things, failing to notify Ajamu of any change of address, failing to file any change of address information with the U.S. Postal Service, and lying to a Seminole County Sheriff's Deputy and a process server who were attempting to serve her with process in Ajamu's state court litigation against her. *Id.* at 5 and ¶¶ III-VIII, XVI-XVIII. Ajamu labels this count as "Mail Fraud and False Statements." *Id.* at 2.

Second, Ajamu alleges that various Postal Service employees (Thrailkill, who is identified as the Postmaster of the Main Post Office in Sanford, Florida; Spolski, who is identified as a postal clerk at the Lake Monroe Post Office in Lake Monroe, Florida; Reeves, who is identified as the Postmaster at the Sanford Annex in Sanford, Florida; and Thomson, who is identified as the Postmaster at the Lake Monroe Post Office) have failed to receive and/or respond to his written requests for address information verification regarding Willis. *Id.* ¶¶ X-XV. Ajamu alleges that these actions violate 39 C.F.R. § 256.6(d)(4)(ii). Ajamu also alleges that the Postmasters of the Sanford Main Post Office and Lake Monroe Post Office (apparently referring to Thrailkill and Thomson) have failed to respond to his lawful written requests for information about Willis because of his race, color, nationality, and faith, which, he alleges, has caused him to suffer "injury and damages, both procedural and substantive," under the Fourteenth Amendment to the United States Constitution, 28 U.S.C. § 1343, and 42 U.S.C. § 1983. *Id.* ¶ XIII. Among other

things, Ajamu seeks an order requiring release of the address verification information he has requested. *Id.* at 6. Ajamu labels this count as "Flagrant Violation of U.S. Postal Regulation." *Id.* at 3.

Ajamu also filed a motion to proceed *in forma pauperis*. Doc. No. 2.

## II.     APPLICABLE LAW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis*, the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). To state a claim on which relief may be granted, a plaintiff's complaint must contain sufficient factual content to bring his claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is frivolous within the meaning of § 1915(e)(2)(B), if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## III.    ANALYSIS.

   *A.     Count for Mail Fraud and False Statements Against Denise Willis.*

The sole basis for Ajamu's claims against Willis appears to be his contention that her actions warrant criminal prosecution for mail fraud. *See* Doc. No. 1 at 1 (citing 18 U.S.C. §§ 1001, 1038, and 1341, which are criminal statutes prohibiting certain false statements and mail

fraud[1]) and 5 (requesting criminal prosecution of Willis for mail fraud). Ajamu cannot, however, institute or pursue a criminal action against Willis in his own name, and he has no right to demand that a criminal prosecution against Willis be instituted by the responsible authorities. *See Fretwell v. Arrant*, Case No. 5:08cv56/RS-EMT, 2009 WL 2168697 at *4 (N.D. Fla. July 17, 2009) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Sattler v. Johnson*, 857 F.2d 224, 226-27 (4th Cir. 1988)). Accordingly, Ajamu's claims against Willis are due to be dismissed because they fail to state a claim and are legally frivolous.

Because Ajamu is proceeding *pro se* and it is at least possible that an amended complaint could cure the defects of the current complaint, he should be given leave to amend his claims against Willis. In an amended complaint, Ajamu should clearly allege the legal basis of the cause(s) of action he wishes to pursue against Willis, whether a constitutional provision, treaty, statute, or a common law cause of action. Ajamu should not seek to pursue criminal causes of action against Willis.

### B. *Count for Flagrant Violation of U.S. Postal Regulation.*

The legal basis for Ajamu's claims against Thrailkill, Reeves, Spolski, Thomson, the Sanford Main Post Office, and the Lake Monroe Post Office (collectively referred to as the "Postal Service Defendants") is somewhat unclear. He alleges in conclusory fashion that the "Postmasters of the Sanford Main Post Office, and the Lake Monroe Post Office" – apparently referring to Thrailkill and Thomson – have failed to respond to his requests for address verification information about Willis "because of his race, color, nationality, and Faith." Doc. No. 1 ¶ XIII.

---

[1] Section 1038 does include a provision allowing for a civil action, but the circumstances in which such a civil action is available do not apply to this case.

He also alleges that these actions violate the Fourteenth Amendment of the U.S. Constitution, 28 U.S.C. § 1343, and 42 U.S.C. § 1983. *Id.* Ajamu cannot state a claim under the Fourteenth Amendment or 42 U.S.C. § 1983 because they apply exclusively to state actors – not to federal actors, such as the Postal Service Defendants. Section 1343 is a jurisdictional statute, not a freestanding cause of action. Thus, to the extent Ajamu is claiming that Thrailkill and Thomson discriminated against him by failing to provide him with address verification information for Willis, his Complaint fails to state a claim upon which relief can be granted. Moreover, even if Ajamu had identified an appropriate statutory or constitutional provision to support his discrimination claims, they are too conclusory to bring his claims "across the line from conceivable to plausible," as required to state a claim upon which relief can be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009) (conclusory allegations of discrimination insufficient to state a claim).

Ajamu also alleges that the Postal Service Defendants violated 39 C.F.R. § 265.6(d)(4)(ii) by failing to accept and/or respond to his requests for address verification information regarding Willis. The regulation sets out some of the circumstances in which certain address information will be disclosed by the U.S. Postal Service. This regulation does not, standing alone, create a private right of action. To the extent Ajamu proceeds solely under this regulation, his claim is due to be dismissed because it fails to state a claim upon which relief can be granted.

It is possible, however, that Ajamu intends to pursue a Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, action with respect to the information he has requested from the Postal Service Defendants. For example, the regulation he cites is contained in the section of the Code of Federal Regulations implementing FOIA infosar as it applies to the Postal Service. *See*

39 C.F.R. § 265.1.  In addition, Ajamu's Complaint contains a brief reference to FOIA.  Doc. No. 1 ¶ VI ("On or about February 12, 2013, the Lake Monroe Postmaster, informed a certain Certified Court Process Server, pursuant to a FOIA request, under 39 C.F.R. § 265.6(d)(4)(ii) . . .").  To the extent Ajamu intends to pursue a FOIA action, the proper defendant appears to be the U.S. Postal Service, not the individual Postal Service employees, Postmasters, or Post Office locations that have failed to respond to this requests.  *See Forsham v. Harris*, 445 U.S. 169, 177 (1980) ("[I]t must be established that an 'agency' has 'improperly withheld agency records' for an individual to obtain access to documents through an FOIA action."); 5 U.S.C. § 552(f) (defining "agency" in a way that makes no reference to individuals); *Martin & Merrell, Inc. v. U.S. Customs Serv.*, 657 F. Supp. 733, 734 (S.D. Fla. 1986) (FOIA contemplates suits brought against agencies but not individuals); *Friedman v. Fed. Bureau of Investigation*, 605 F. Supp. 306, 317 (N.D. Ga. 1984) (collecting cases) (only an agency may be sued).  Accordingly, any FOIA claim in his Complaint is also due to be dismissed for failure to state a claim upon which relief can be granted.

Because Ajamu is *pro se* and he may be able to cure the defects in the current complaint, he should be given leave to amend his claims related to the Postal Service Defendants' failure to respond to his requests for address verification information about Willis.  In an amended complaint, Ajamu should clearly state the legal basis of the cause(s) of action he wishes to pursue in connection with the Postal Service Defendants' failure to respond to his requests for address verification information about Willis.  He should also allege facts supporting his causes of action and showing that they are plausible.   He must name as Defendants only those individuals or entities who are responsible for the alleged violations.  To the extent Ajamu chooses to pursue a FOIA action, he should detail any efforts he has made at exhausting any administrative remedies

available to him with respect to his requests for information about Willis. *See Taylor v. Appleton*, 30 F.3d 1365, 1367-68 (11th Cir. 1994) (citations omitted) (plaintiff must actually or constructively exhaust administrative remedies prior to filing FOIA lawsuit).

## IV. RECOMMENDATION.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** Ajamu's Complaint without prejudice; **ORDER** Ajamu to file an amended complaint within a time specified by the Court following its ruling on this Report and Recommendation; and **DENY** Ajamu's motion to proceed *in forma pauperis* (Doc. No. 2) without prejudice to refiling it with the amended complaint. Ajamu should be advised that failure to file a proper amended complaint within the time specified by the Court may result in the case being closed without further notice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 16, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy