# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**D. 'URYYAH AJAMU,**

                            **Plaintiff,**

**-vs-**                                                    **Case No.  6:13-cv-450-Orl-28KRS**

**UNITED STATES POSTAL SERVICE,**

                            **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT (Doc. No. 18)** |
| **FILED:** | **September 27, 2013** |

## I.    BACKGROUND.

On March 20, 2013, Plaintiff, D. 'Uryyah Ajamu ("Ajamu"), filed a complaint against

Denise Y. Willis, Karen Thrailkill, Sonja Reeves, Janell A. Spolski, Teresa Thomson, the Sanford

Main Post Office, and the Lake Monroe Post Office.  Doc. No. 1.  This litigation appears to stem

from state court litigation Ajamu is pursuing against Willis and his unsuccessful attempts to effect

service on her in that litigation.  After failing to effect service on Willis, Ajamu attempted to

obtain address verification information about Willis from various employees and locations of the

U.S. Postal Service ("USPS").  Ajamu did not receive the response he expected, and this lawsuit ensued.

I have already discussed the allegations of Ajamu's original Complaint in detail (Doc. No. 5), but, briefly, Ajamu sought criminal prosecution of Willis for allegedly committing mail fraud by, among other things, failing to notify Ajamu of any change of address, failing to file any change of address information with the USPS, and lying to a Seminole County Sheriff's Deputy and a process server who were attempting to serve her with process in Ajamu's state court litigation against her.  Doc. No. 1 at 5 and ¶¶ III-VIII, XVI-XVIII.  Ajamu also alleged that various USPS employees failed to receive and/or respond to his written requests for address information verification regarding Willis.  *Id.* ¶¶ X-XV.  Ajamu alleged that these actions violated 39 C.F.R. § 256.6(d)(4)(ii).  Ajamu also alleged that the Postmasters of the Sanford Main Post Office and Lake Monroe Post Office (apparently referring to Thrailkill and Thomson) failed to respond to his lawful written requests for information about Willis because of his race, color, nationality, and faith, which, he alleged, caused him to suffer "injury and damages, both procedural and substantive," under the Fourteenth Amendment to the United States Constitution, 28 U.S.C. § 1343, and 42 U.S.C. § 1983.  *Id.* ¶ XIII.  Ajamu labeled this count as "Flagrant Violation of U.S. Postal Regulation."  *Id.* at 3.

In the course of ruling on Ajamu's motion to proceed *in forma pauperis*, the Court dismissed Ajamu's original Complaint without prejudice because: (1)  Ajamu could not state a claim under the Fourteenth Amendment or 42 U.S.C. § 1983 because they both apply exclusively to state actors and could not state a claim pursuant to 28 U.S.C. § 1343 because it is a jurisdictional statute, not a freestanding cause of action; (2) Ajamu's claims of discrimination

were too conclusory; and (3) the postal regulation he relied on did not create a private right of

action.  *See* Doc. No. 5*, adopted by* Doc. No. 9.  The Court noted that Ajamu might be able to

state a claim pursuant to the Freedom of Information Act ("FOIA"), but any such action would

have to be brought against the U.S. Postal Service, not individual Postal Service employees.  *Id.*

Because Ajamu was proceeding *pro se*, he was granted leave to file an amended complaint.  *Id.*

Ajamu filed an Amended Complaint on May 6, 2013.  Doc. No. 8.  Ajamu's Amended

Complaint dropped Willis, Thrailkill, Reeves, Spolski, Thomson, the Sanford Main Post Office,

and the Lake Monroe Post Office as named Defendants and, instead, named only the United States

Postal Service as a Defendant.  *Id.*  The remainder of Ajamu's Amended Complaint was largely

identical to his original Complaint, except that it deleted the request that Willis be criminally

prosecuted, deleted the reference to 42 U.S.C. § 1983, and added citations to sections of FOIA.

*Id.*[1]

On May 10, 2013, Ajamu filed a renewed motion to proceed *in forma pauperis*.  Doc. No.

11.  The Court granted that motion on June 25, 2013.  Doc. No. 12.  In so doing, the Court noted

that its Order should not be construed as a finding that Ajamu's Amended Complaint stated a

claim upon which relief may be granted.  Instead, the Court stated that the allegations in the

Amended Complaint involved violations of various statutes, including FOIA, and, therefore, the

Court would permit the case to go forward and address whether plausible claims for relief were

stated when and if the issue was raised by Defendant.  *Id.*

_____

[1]Ajamu's original Complaint was supported by Exhibits A-J.  Although Ajamu's Amended Complaint continues to refer to Exhibits A-J, those exhibits were not attached to the Amended Complaint. Thus, it appears that Ajamu inadvertently forgot to re-file copies of those exhibits when he filed his Amended Complaint.  In the interests of efficiency, in this Report and Recommendation, I will assume that the documents filed as Exhibits A-J with Ajamu's original Complaint are the same as the Exhibits A-J referenced in his Amended Complaint.

On September 27, 2013, the USPS filed a motion to dismiss or for summary judgment. Doc. No. 18. With the motion, the USPS filed the Declaration of Teresa Thomson, who is the Postmaster of the Lake Monroe Post Office in Lake Monroe, Florida. *Id.* at 11-12. Ms. Thomson's declaration was, in turn, supported by a copy of a letter regarding her reasons for denying Ajamu's request for address verification information about Willis. *Id.* at 14.

On October 1, 2013, the Court issued a *Milburn* Order, informing Ajamu that a motion for summary judgment had been filed and advising him of the necessity of responding with counter sworn affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact in dispute which should be litigated at trial. Doc. No. 19.

Ajamu filed a response to the USPS's motion. Doc. No. 21 at 1-8, 14; Doc. No. 22.[2] In addition to a brief, he filed:

- A declaration from process server Larry Lawson (Doc. No. 22 at 2-3);

---

[2]Ajamu seems to have experienced some difficulty in filing a complete response to the USPS's motion. He initially filed an unsigned response that consisted of a brief that was partially typed and partially in almost illegible handwriting, along with incomplete copies of the documentary evidence referenced in his response brief. Doc. No. 20. He then filed an amended response that consisted of a signed and almost completely typed brief (including, based on comparison of the documents, a typed version of the handwritten portion of his original brief) and still-incomplete copies of the documentary evidence referenced in his response brief. Doc. No. 21. Finally, he filed a supplement to his amended response, which appears to consist of complete copies of all of the documentary evidence referenced in his response brief, with one exception. Doc. No. 22. Specifically, the one-page "Address Information Request" form that was docketed as page 14 of Docket No. 21 (Ajamu's amended response) appears to be missing from his supplement. Based on a review of all the documents Ajamu has filed, it appears that his complete response was intended to consist of the typewritten brief included in his amended response (Doc. No. 21 at 1-8), along with all of the documents in his supplement (Doc. No. 22), and the Address Information Request form (Doc. No. 21 at 14). Accordingly, I will treat these documents as comprising his response for purposes of this Report and Recommendation.

- A declaration from Soraya Cienfuegos, who witnessed the denial of some of Ajamu's requests for address verification information about Willis (Doc. No. 22 at 4-6);

- A declaration from Meagan Cienfuegos, who witnessed the denial of one of Ajamu's requests for address verification information about Willis (Doc. No. 22 at 7-8);

- A declaration from Ezell Harris, who witnessed Ajamu's attempt to have the Clerk of the Circuit Court, Ninth Judicial Circuit sign an authorization for an agency request for address information about Willis (Doc. No. 22 at 9-10);

- A unsigned declaration from Jim Thompson, who is apparently a process server (Doc. No. 22 at 11-12);

- A Traffic Citation/Warning Report from the Lake Mary Police Department for a traffic citation issued to a Denise Y. Willis in December 2012 (Doc. No. 22 at 13-14);

- A Seminole County Sheriff's Office Process Server's Worksheet showing a failed attempt at service on Willis (Doc. No. 22 at 15);

- A Return of Service form from the Brevard County, Florida Sheriff showing a successful attempt at service on Willis in October 2013 (Doc. No. 22 at 16);

- A letter from Ajamu to Lydia Gardner, the former Clerk of Court for the Ninth Judicial Circuit, dated January 23, 2013, regarding his attempt to have the court complete an Address Information Request Form (and attached form) (Doc. No. 22 at 17; Doc. No. 21 at 14);

- A letter from Ajamu to Gardner, dated March 5, 2013, making a public records request for a copy of the email containing the legal opinion that resulted in the state court not completing an Address Information Request Form as Ajamu had requested (Doc. No. 22 at 18);

- An email chain from employees within the Orange County Clerk of Court's office regarding Ajamu's request that the court complete an Address Information Request Form (Doc. No. 22 at 19-21); and

- A letter to "Ms. Virginia" dated October 2, 2013 regarding a mail fraud report Ajamu had filed and the attached Mail Fraud Report Ajamu apparently filed against Willis and her company (Doc. No. 22 at 22-25).

The USPS's motion has been referred to me for issuance of a Report and Recommendation.  It is now ripe for decision.

## II.      AJAMU'S AMENDED COMPLAINT AND USPS'S MOTION.

In dismissing Ajamu's original Complaint, the Court advised Ajamu that he should clearly state the legal basis of the cause(s) of action he wished to pursue and that he should allege facts supporting his causes of action and showing that they were plausible.  Despite this, beyond making it clear that he is pursuing FOIA claims, the legal basis of Ajamu's Amended Complaint remains somewhat unclear.  The introduction to Ajamu's Amended Complaint invokes the jurisdiction of this Court pursuant to Article III of the U.S. Constitution; the Fourteenth Amendment of the U.S. Constitution; 18 U.S.C. § 1341;  28 U.S.C. §§ 1331, 1343, 1442, and 1443; the Civil Rights Act of 1964; 39 C.F.R. § 265.6(d)(4)(ii) (one of the USPS regulations implementing FOIA insofar as it applies to the USPS); and 5 U.S.C. § 552, *et seq.* (FOIA).  Doc. No. 8 at 1.  Elsewhere in the Amended Complaint, Ajamu asserts that the Postmasters of the Sanford Main Post Office and Lake Monroe Post Office failed to respond to his lawful written requests pursuant to 39 C.F.R. § 265.6(d)(4)(ii) "because of his race, color, nationality, and Faith" and that he "has suffered damages, both procedural and substantive, under the 14th Amendment of the Constitution of the United States, 28 USC, Section 1343, 1442, 1443 and 5 USC 552(6)(A)(I)[3]."  *Id.* at ¶ XVI.  Ajamu also alleges that various USPS employees refused to honor his requests for information in violation of 39 C.F.R. § 265.6(d)(4)(ii) and 5 U.S.C. §

---

[3]This appears to be a reference to 5 U.S.C. § 552(a)(6)(A)(I), which requires federal agencies to respond to certain FOIA requests within 20 days.

-6-

552(a)(4)(F)(I).[4]  *See, e.g., id.* at ¶ XIV.  In his Amended Complaint, Ajamu seeks, among other things, an order requiring release of the address verification information he has requested, a "Notification of the Special Counsel of the arbitrary and capricious withholding of records from Plaintiff,"[5] and an award of costs.  *Id.* at 7.

Construing Ajamu's *pro se* Amended Complaint liberally (as the Court must), it appears that he is claiming that the USPS failed to provide him with address verification information about Willis in violation of FOIA and that it failed to provide him with this information because of his race, color, nationality, and faith.  That is, it appears that he is attempting to pursue two (2) separate claims: (1) a claim for violations of FOIA; and (2) a civil rights or constitutional tort claim against the USPS based on discrimination.[6]  The USPS filed a motion to dismiss or for

---

[4]Ajamu's Amended Complaint actually refers to 5 U.S.C. § 552(F)(I), which does not exist.  The only "(F)(I)" located in § 552 is at § 552(a)(4)(F)(I), and I assume that this is the section to which Ajamu is referring.

[5]This appears to be a reference to 5 U.S.C. § 552(a)(4)(F)(I), a provision of FOIA, which provides, "Whenever the court orders the production of any agency records improperly withheld from the complainant and assesses against the United States reasonable attorney fees and other litigation costs, and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding."

[6]The USPS's motion to dismiss appears to read Ajamu's Amended Complaint as stating a claim for violation of the USPS's FOIA regulations separate from his claim for violations of FOIA and asserts that this Court lacks subject matter jurisdiction over any such claim.  Specifically, the USPS argues that it has not waived sovereign immunity for violations of its own regulations because the regulations do not create a private right of action for violations of those regulations.  Doc. No. 18 at 4.  Construing Ajamu's Amended Complaint liberally, I do not interpret it as attempting to state a separate claim for violations of the USPS's FOIA regulations.  Rather, it appears that Ajamu's Amended Complaint asserts that the USPS violated FOIA by failing to provide him with address verification information about Willis that should have been provided to him pursuant to the USPS's own FOIA regulations.  To the extent that Ajamu's Amended Complaint does attempt to pursue a stand-alone claim for violations of the USPS's FOIA regulations, the USPS is correct that such a claim is due to be dismissed for lack of subject matter jurisdiction.  As discussed in more detail with respect to Ajamu's civil rights claim, the substantive law on which Ajamu relies – 39 C.F.R. § 265.6 – does not provide an avenue for relief because, as the Court informed Ajamu when it dismissed his original Complaint, the USPS's FOIA regulations do not create a private right of action.  Therefore, any stand-alone claim for violation of those regulations is due to be dismissed for lack of subject matter jurisdiction.  *See Nalls v. Coleman Low Fed. Inst.*, 307 F. App'x 296, 298 (11th Cir. 2009) (cited as persuasive authority) (citing *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (hereinafter "*Meyer*")) (district court lacked subject matter jurisdiction

summary judgment on these claims, arguing that the Court lacked subject matter jurisdiction to consider them.  Doc. No. 18.[7]  Specifically, the USPS argued that Ajamu's civil rights claims were barred by the doctrine of sovereign immunity and that his FOIA claim was moot.  I address each of Ajamu's claims separately, below.

## III.    FOIA CLAIM.

### A.    *Legal Standard.*

The USPS argues that Ajamu's FOIA claim is due to be dismissed because it is moot.  The Eleventh Circuit has directed that, when a district court disposes of a case on mootness grounds, it will treat the district court's determination as if it was a ruling on a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007) (collecting cases) (stating that, even if district court characterized finding that a case was moot as grant of motion for summary judgment, the court would treat the determination as if it was a ruling on a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)).  "Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms" – facial and factual.  *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  Factual attacks, such as the attack the USPS makes against Ajamu's FOIA claim, "challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.* (quoting

_____

over claim where substantive law did not provide avenue for relief).

[7]In the alternative, the USPS also argued that portions of Ajamu's Amended Complaint were due to be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  As discussed in detail, below, I recommend that the Court find that Ajamu's Amended Complaint is due to be dismissed for lack of subject matter jurisdiction. Therefore, it is unnecessary to reach the USPS's alternative argument under Rule 12(b)(6).

*Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).  When the attack is

factual, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its

power to hear the case," and "the existence of disputed material facts will not preclude the trial

court from evaluating for itself the merits of jurisdictional claims."  *Id.* (quoting *Williamson v.*

*Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981)).

Accordingly, below I set forth the facts relevant to Ajamu's FOIA claim based on a review

of the record evidence in this case and then proceed to a discussion of whether that claim is due to

be dismissed as moot.

B.       *Relevant Facts.*

Ajamu's FOIA claim relates to his attempts to obtain address information for Denise Willis

(who was formerly a Defendant in this case) so that he could effect service of process on her in a

state court lawsuit.  Except where specifically noted, these facts are undisputed.

At various times between November 2012 and March 2013, Denise Willis has used the

addresses P.O. Box 471406, Lake Monroe, FL 32747 and 142 Circle Hill Rd., Sanford, FL 32773-

4770.  Doc. No. 8 ¶¶ III and V and Exs. C (Doc. No. 1-2 at 5-7) and E thereto (Doc. No. 1-2 at

10).[8]

On January 14, 2013, the Clerk of the Circuit Court for the Ninth Judicial Circuit, in and

for Orange County, Florida, issued a summons and complaint to Willis in a lawsuit Ajamu had

filed against Willis.  Doc. No. 8 ¶ I and Ex. A thereto (Doc. No. 1-2 at1-2).  The Sheriff of

Seminole County, Florida, attempted to serve Willis with the summons and complaint using the

---

[8]Ajamu's Amended Complaint was signed under penalties of perjury (Doc. No. 8 at 7).  Accordingly, I treat the allegations of his Amended Complaint as if they were an affidavit for purposes of deciding the whether the Court lacks subject matter jurisdiction over Ajamu's FOIA claim.

142 Circle Hill Rd. address.  On January 15, 2013, the Seminole County Sheriff returned the summons and complaint unserved.  *Id.* ¶ II.  The return of service documents stated that Willis could not be found in Seminole County and also stated, "PER CAFÉ 12 AND DAVID SUBJECT IS IN A DIFFERENT COUNTY."  *Id.* and Ex. B thereto (Doc. No. 1-2 at 4).  A Seminole County Sheriff's Office Process Server's Worksheet also stated that Willis was located in Brevard County. Doc. No. 22 at 15.[9]

In an apparent attempt to locate Willis to serve her with process, Ajamu made several requests to the USPS for address verification information regarding Willis.  Specifically, on January 22, 2013, Ajamu attempted to present written requests for address verification information about Willis to Karen Thrailkill (the Postmaster of the Sanford Main Post Office) and Janell Spolski (a clerk at the Lake Monroe Post Office).  Thrailkill and Spolski refused to receive those requests.  Doc. No. 8 ¶¶ XIII-XIV.[10]  The USPS has filed a declaration from the Postmaster of the Lake Monroe Post Office, Teresa Thomson (Doc. No. 18 at 11-14 (hereinafter cited as "Thomson Decl.")), in which Thomson avers that these requests were denied because they did not comply with the applicable Postal Service regulations.  Thomson Decl. ¶ 4.  Ajamu disputes the veracity of Thomson's declaration (Doc. No. 21 at 4-5), but the parties agree that Ajamu did not receive the requested address information in response to these requests.

---

[9]Some of the evidence Ajamu submitted in response to the USPS's motion for summary judgment might not be properly authenticated and/or might not currently be before the Court in admissible form.  The USPS has not objected to any of the evidence.  Moreover, as discussed below, even after considering all of Ajamu's evidence, I still recommend that the Court find that Ajamu's FOIA claim is moot.  Accordingly, in this section I cite to Ajamu's evidence without explicit consideration of its authenticity or admissibility.

[10]Ajamu did not attach a copy of the requests to his Amended Complaint or his response to the USPS's motion for summary judgment.  The USPS also did not attach a copy of the requests.

After that rejection, Ajamu hired a process server to help him locate Willis.  *See, e.g.*, Doc. No. 22 at 2-3.  On February 11, 2013, process server Larry Lawson presented two requests for address information regarding Willis to the Postmasters at the Sanford and Lake Monroe Post Offices.  Those requests were signed by Ajamu.  Doc. No. 8 ¶ XV and Exs. G and H thereto (Doc. No. 1-2 at 12-13); Doc. No. 22 at 2-3.[11]  It appears that, in this same time frame, Lawson also presented a separate request for address information regarding Willis that was signed by Lawson (not Ajamu).  *See* Ex. F to Amended Complaint (Doc. No. 1-2 at 11); *see also* Doc. No. 22 at 2-3 (hereinafter "Lawson Decl."); Thomson Decl. ¶ 6.

Postmaster Thomson avers that, on February 12, 2013,  she responded to the February 2013 request for address information about Denise Y. Willis, P.O. Box 471406, Lake Monroe, Florida 32747 that was signed by Lawson.  Thomson Decl. ¶ 6.  That response provided the 142 Circle Hill Rd. address for Willis and noted that there was "[n]o change of address on file."  *Id.*; *see also* Ex. F to Amended Complaint (Doc. No. 1-2 at 11).  The Postmasters of the Sanford and Lake Monroe Post Offices did not respond to the February 2013 address verification requests that had been signed by Ajamu.  Doc. No. 8 ¶ XVI; Lawson Decl. ¶ 6.

On March 5, 2013, Lawson went to the 142 Circle Hill Rd. address.  While standing at the front door, he telephoned Willis.  Willis told Lawson that she did not live at the 142 Circle Hill

---

[11]Ajamu's Amended Complaint does not refer to Lawson by name, instead identifying him as a "certain Certified Court Process Server."  Doc. No. 8 ¶ XV.  However, review of the exhibits to Ajamu's Amended Complaint (which include a request for address information about Willis dated February 7, 2013 and bearing the same signature that appears on Lawson's affidavit, *see* Doc. No. 1-2 at 11) and the affidavit from Lawson attached to Ajamu's response to the USPS's motion for summary judgment (Doc. No. 22 at 2-3) together, it is apparent that the process server in question was Lawson.

Rd. address but refused to provide another address for service of process.  Lawson Decl. ¶ 7; *see also* Doc. No. 8 ¶ VII.

After Lawson's interaction with Willis, Ajamu again attempted to get address information regarding Willis.  On March 15, 2013, he presented another written request for address information about Willis to a postal clerk at the Sanford Post Office.  Doc. No. 8 ¶ XVII and Ex. I thereto (Doc. No. 1-2 at 14).  It does not appear that Ajamu received a response to the March 2013 request.[12]

After Ajamu filed the Amended Complaint, it appears that he was able to effect service on Willis at an address located in Melbourne, Florida.  *See* Doc. No. 22 at 16.  Also, on September 25, 2013, Postmaster Thomson signed a declaration in which she averred that the post office box and street address information provided in response to the February 2013 request from Lawson was still accurate.  Thomson Decl. ¶ 7.

 C. *Analysis.*

The USPS has moved for summary judgment on Ajamu's FOIA claim because it is moot.[13]  Article III of the U.S. Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992).  A case that has become moot cannot present an Article III case or controversy and, as a consequence, federal courts lack jurisdiction to entertain it.  *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1332

---

[12]Neither Ajamu nor the USPS provides any evidence on this point, but the USPS's motion speculates that the request was not processed because the USPS had already responded to the February 2013 request from Lawson.  Doc. No. 18 at 6.

[13]The USPS also argues that Ajamu's FOIA claim is due to be dismissed for failure to exhaust administrative remedies.  The Court need not reach this issue because the mootness issue is dispositive.

(11th Cir. 2005) (citing *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1328 (11th Cir. 2004)).

In the context of this lawsuit, FOIA provides, with certain exceptions, that upon a proper request for records a federal agency "shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). "If an agency refuses to furnish the requested records, the requester may file suit in federal court and obtain an injunction 'order[ing] the production of any agency records improperly withheld.'" *Taylor v. Sturgell*, 553 U.S. 880, 885 (2008) (quoting 5 U.S.C. § 552(a)(4)(B)). FOIA does not allow for an award of damages. *Pavlenko v. IRS*, Case No. 08-61534-CIV, 2009 WL 1465463, at *1 (S.D. Fla. Apr. 1, 2009) (citing *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002)). Under this framework, "[i]f a person receives all the information he has requested under FOIA, even if the information was delivered late, his FOIA claim is moot to the extent that such information was sought." *Von Grabe v. U.S. Dep't of Homeland Sec.*, 440 F. App'x 687, 688 (11th Cir. 2011) (cited as persuasive authority) (citing *Lovell v. Alderete*, 630 F.2d 428, 430-31 (5th Cir. 1980); *Chilivis v. S.E.C.*, 673 F.2d 1205, 1209-10 (11th Cir. 1982)) (affirming dismissal of FOIA claim as moot where agency had provided all requested information); *see also Cornucopia Inst. v. U.S. Dep't of Agric.*, 560 F.3d 673, 675 (7th Cir. 2009) (stating that a FOIA claim is moot when the government produces all the documents that the plaintiff requested).

In the instant case, Ajamu was seeking address verification information about Willis from the USPS.  Arguably, Ajamu's FOIA claim was moot before it was even filed because the USPS responded to the request signed by Ajamu's process server, Lawson, in February 2013.[14]  Even if the USPS's apparent response to Lawson's request for information about Willis did not suffice to fulfill its obligations under FOIA, it is beyond dispute that the USPS has now provided Ajamu with the information he requested regarding Willis.  Specifically, Postmaster Thomson has averred that the information provided to Lawson regarding Willis's post office box and street address is still accurate and correct.  Thomson Decl. ¶ 7.  That is, Postmaster Thomson has averred that Willis's street address of record with the USPS is still 142 Circle Hill Rd., Sanford, FL 32747, and that Willis has not filed a change of address with the USPS – as disclosed in the response to Lawson's request for address information regarding Willis in February 2013.  *See* Ex. F to Amended Complaint (Doc. No. 1-2 at 11).  Because the USPS has provided Ajamu with the information he requested, his FOIA claim is moot and due to be dismissed.

Ajamu does not dispute that the USPS has now responded to his request for information about Willis.  Instead, he details precisely why he believes the USPS was wrong to deny his requests for information about Willis in the first place.  He also complains about the effects of the USPS's denials on him and attempts to impugn the credibility of Thomson.  Doc. No. 21 at 2-7.  On the first point, even if Ajamu is correct that the USPS erred in failing to respond to his requests for information about Willis, those errors do not change the fact that the USPS has now provided

_____

[14]Ajamu's Amended Complaint and response to the USPS's motion do not explicitly admit that the USPS responded to Lawson's request, but they do not deny the allegation, either.  Moreover, Ajamu attached a copy of the USPS's response to Lawson's request for address information about Willis to his original Complaint (Doc. No. 1-2 at 11), strongly suggesting that he was already in possession of the requested information before he filed this lawsuit.

the information, thereby mooting the case.  On the second point, as stated above, FOIA does not allow for awards of damages, and, therefore, this argument does not prevent a finding that Ajamu's FOIA claim is moot.  On the third point, Ajamu's criticism of Thomson is non-specific and unsupported by evidence.[15]  Such a non-specific and unsupported claim does nothing to suggest that the information the USPS has provided to Ajamu through Thomson's declaration is inaccurate and is insufficient to avoid dismissal.

Although not specifically cited by Ajamu in the argument section of his response, I have also reviewed Ajamu's Amended Complaint (which was signed under penalty of perjury) and exhibits thereto, as well as the materials attached to his response to the USPS's motion in detail. None of that evidence creates any question as to whether the USPS has mooted his FOIA claim by providing information regarding Willis's current address of record.[16]  To the contrary, Ajamu's Amended Complaint – which was signed under penalty of perjury – alleges as follows:

---

[15]For example, Ajamu argues in part as follows: "This PREMEDITATED statement of Declarant and Postmaster, Teresa Thomson, is a bold faced LIE!!  Homeland Security knows, NSA knows, the U.S. Attorney knows, the U.S. Postal Inspection Service (Criminal Investigations Fraud Unit) knows, Edward Snowden knows, Seminole County Sheriff knows, Brevard County Sheriff knows, and even i know(s)-(sic), its a concoted and orchestrated LIE!! [P.S. Oh, The CIA knows, even J. Edward Hoover knows]."  Doc. No. 21 at 6 (original emphasis excluded).

[16]The materials attached to Ajamu's response to the USPS's motion include a traffic citation issued to a Denise Y. Willis in December 2012 listing an address in Melbourne, Florida (Doc. No. 22 at 13-14), and a document from the Brevard County Sheriff that appears to show that Denise Y. Willis was served with a summons and complaint at an address in Melbourne, Florida, on October 24, 2013 (Doc. No. 22 at 16).  Even if those documents suggested that Willis had moved away from the 142 Circle Hill Rd. address and relocated to Melbourne, they would not suggest that the *USPS* has any record of such an address change, which is what would be needed to overcome the USPS's motion to dismiss based on mootness.

> U.S. Postal Service customer, DENISE Y. WILLIS,  has failed to file any change
> of address information for delivery of her mail to 142 Circle Hill Road, Sanford,
> Florida 32773, by the Main Post Office, at 401 E. 1st Street, Sanford, Florida
> 32771, or for delivery of her mail to P.O. Box 471406, Lake Monroe, Florida
> 32747, with the U.S. Postal Service, on PS Form 3575, or PS Form 1093,
> respectively, in accordance with 39 C.F.R. 265.6(d)(4)(I), in a relentless and
> deceitful attempt to evade service of legal process, in conjunction with actual
> litigation.

Doc. No. 8 ¶ XIX (original emphasis omitted).  This allegation actually underscores the

conclusion that the USPS has provided Ajamu with all the information it has about Willis's

current address of record.

Ultimately, it appears that some of Ajamu's frustration derives from his belief that Willis

has failed to update her address information with the USPS.  FOIA, however, does not allow

Ajamu to hold the USPS liable for any failure of Willis to update her address information.  Neither

does it require the USPS to provide Ajamu with change-of-address information not in its

possession.  *See, e.g.*, *Bory v. U.S. R.R. Ret. Bd.*, 933 F. Supp. 2d 1353, 1359 (M.D. Fla. 2013)

(citing *Landmark Legal Foundation v. E.P.A.*, 272 F. Supp. 2d 59, 64 (D.D.C. 2003) ("The FOIA

does not require an agency to create a document in response to a request, answer questions

disguised as a FOIA request, or conduct research in response to a FOIA request.").  All of the

evidence in this case supports the conclusion that the USPS provided Ajamu with the address

information he requested about Willis no later than September 27, 2013, the date the USPS filed

its motion to dismiss or for summary judgment.  Accordingly, his FOIA claim is moot and is due

to be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).[17]

---

[17]Although not argued by Ajamu, I note that the fact that Ajamu has requested costs and a "Notification of the Special Counsel of the arbitrary and capricious withholding of records" should not prevent the Court from dismissing Ajamu's FOIA claim.  On the first point, the fact that Ajamu's FOIA claim has been mooted does not necessarily preclude an award of costs.  *See Lovell*, 630 F.2d at 431 (citations omitted) (affirming dismissal of FOIA

## IV.    AJAMU'S CIVIL RIGHTS CLAIM.

As explained above, the essence of Ajamu's civil rights claim against the USPS appears to be an allegation that the Postmasters of the Sanford and Lake Monroe Post Offices failed to respond to his requests for address verification information about Willis because of his race, color, nationality, and faith.  Doc. No. 8 ¶ XVI.  Although the *ad damnum* clause of Ajamu's Amended Complaint does not seek damages (beyond an award of costs), he does allege elsewhere that these actions caused him to suffer "injury and damages, both procedural and substantive, under the 14th Amendment of the Constitution of the United States, 28 USC, Section 1343, 1442, 1443 and 5 USC 552(6)(A)(I)."  *Id*.  This allegation suggests that Ajamu may be seeking monetary damages against the USPS, in addition to his request for injunctive relief and an award of costs.

The USPS moves to dismiss this claim, arguing that the Court lacks subject matter jurisdiction over the claim because there has been no waiver of sovereign immunity.  Doc. No. 18

---

suit as moot but noting that mootness does not automatically preclude award of attorney's fees); *Cornucopia Inst.*, 560 F.3d at 675 (citing *Anderson v. U.S. Dep't of Health & Human Servs.*, 3 F.3d 1383, 1384-85 (10th Cir. 1993)) (affirming dismissal of FOIA claims as moot even though issue of award of attorneys' fees under FOIA was undecided); *Hoza v. Jefferson Cnty. Teachers Ass'n*, Case No. 3:09CV-764-M, 2010 WL 1533298, at *7 (W.D. Ky. April 15, 2010) (citing *Brock v. Int'l Union, UAW*, 889 F.2d 685, 695 (6th Cir. 1989); *S-1 v. Spangler*, 832 F.2d 294, 297 n. 1 (4th Cir. 1987)) (in non-FOIA context, ancillary claims for fees and costs do not prevent substantive claims from being rendered moot).  On the second point, assuming that Ajamu is still seeking such relief (despite his failure to mention it in response to the USPS's motion to dismiss), Ajamu is not entitled to a "Notification of the Special Counsel of the arbitrary and capricious withholding of records" because, before the Special Counsel can become involved, the Court must have, among other things, ordered the production of agency records.  *See* 5 U.S.C. § 552(a)(4)(F)(I).  Given that the USPS has already produced the information requested by Ajamu, no such order will be issued in this case, and his request to involve the Special Counsel is due to be dismissed.  *See Lovell*, 630 F.2d at 431 (affirming dismissal of FOIA action as moot and affirming dismissal of request for disciplinary action pursuant to 5 U.S.C. § 552(a)(4)(F) because plaintiff could not meet prerequisites for obtaining such relief).

at 7-8.   As stated above, "[a]ttacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms" – facial and factual.  *Lawrence*, 919 F.2d at 1528-29.  Facial attacks, such as that presented by the USPS, require the Court "merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion."  *Id.* at 1529 (quoting *Menchaca*, 613 F.2d at 511).

As relevant to determining whether the Court can exercise subject matter jurisdiction over Ajamu's civil rights claim, federal courts have jurisdiction over suits against the United States and its agencies (including the USPS) only to the extent that sovereign immunity has been waived.  *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *see also Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) (citations omitted) (the USPS enjoys federal sovereign immunity).  "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in the statutory text and will not be implied."  *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted).  Thus, the scope of any waiver must be strictly construed in favor of the government.  *Id.*  Finally, "the plaintiff bears the burden of establishing subject matter jurisdiction . . . , and, thus, must prove an explicit waiver of immunity." *Ishler v. Internal Revenue*, 237 F. App'x 394, 398 (11th Cir. 2007) (per curiam) (cited as persuasive authority) (citing *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005)); *see also Thompson v. McHugh*, 388 F. App'x 870, 872 (11th Cir. 2010) (cited as persuasive authority); *James v. Jacksonville Bulk Mail Ctr.*, Case No. 3:06-cv-1120-J-34JRK, 2009 WL 2901197, at *3 (M.D. Fla. Sept. 4, 2009) (citing *Ishler*, 237 F. App'x at 395).

Ajamu did not explicitly identify the source of any waiver of sovereign immunity in his Amended Complaint, and he did not address this issue in his response to the USPS's motion to dismiss.  Moreover, none of the constitutional, statutory, or regulatory authorities cited in Ajamu's Amended Complaint operates as a waiver of sovereign immunity in this case.  Specifically, Ajamu's Amended Complaint alleges that the failure to provide address verification information because of his race, color, nationality, and faith violated the 14th Amendment of the U.S. Constitution; 28 U.S.C. §§ 1343, 1442, and 1443; and 5 U.S.C. § 552(a)(6)(A)(I).[18]  As the Court has informed Ajamu already, the 14th Amendment applies to state actors, not the federal government, and 28 U.S.C. § 1343 is a jurisdictional statute, not a cause of action, let alone a waiver of the USPS's sovereign immunity.  *See, e.g.*, *Beale v. Blount*, 461 F.2d 1133, 1138 (5th Cir. 1972) (citation omitted) (28 U.S.C. § 1343 may not be construed to constitute waiver of sovereign immunity).  Sections 1442 and 1443 apply only to removed cases – not cases originally filed in federal court, such as Ajamu's case.  Section 5(a)(6)(A)(I) is a part of FOIA.  FOIA does provide for a limited waiver of sovereign immunity in that it allows a federal court to enjoin an agency from withholding records, to order the production of any agency records improperly withheld from a complainant, and to award litigation costs to a substantially prevailing plaintiff.  *See, e.g.*, *Clarkson v. IRS*, 678 F.2d 1368, 1371 (11th Cir. 1982).  Any such waiver of sovereign immunity must, however, be narrowly construed, and FOIA cannot be read to extend any waiver of

---

[18]As noted above, I construe Ajamu's reference to 5 U.S.C. § 552(6)(A)(I) to be a reference to § 552(a)(6)(A)(I).

sovereign immunity to suits for money damages for allegedly discriminatory failures to provide information that a plaintiff might otherwise be entitled to under FOIA. *See, e.g.*, *Raulerson v. U.S.*, 786 F.2d 1090, 1091 (11th Cir. 1986) (citations omitted) (refusing to find waiver of sovereign immunity for action similar to quiet title action where statute only explicitly waived sovereign immunity as to quiet title actions).   Thus, none of these statutes operates as a waiver of sovereign immunity.

The sources of authority cited in the introductory paragraph of Ajamu's Amended Complaint – pursuant to which Ajamu invokes this Court's subject matter jurisdiction – also do not establish a waiver of sovereign immunity.  I have already discussed the 14th Amendment, 28 U.S.C. §§ 1343, 1442, and 1443, and FOIA, above.  Article III of the U.S. Constitution simply establishes federal courts.  18 U.S.C. § 1341 is a criminal statute prohibiting mail fraud.  Neither of these sources of authority constitutes an explicit waiver of sovereign immunity.  28 U.S.C. § 1331 gives federal courts original jurisdiction over cases presenting federal questions, but § 1331 does not imply a general waiver of sovereign immunity.  *A. L. Rowan & Son, Gen. Contractors, Inc. v. Dep't of Housing and Urban Dev.*, 611 F.2d 997, 1000 (5th Cir. 1980); *Beale*, 461 F.2d at 1138.  39 C.F.R. § 265.6(d)(4)(ii) is a regulation promulgated by the USPS, not a statute, and does not indicate that Congress intended to waive the USPS's sovereign immunity for civil rights or discrimination claims related to denials of FOIA requests.  *See Thompson*, 388 F. App'x at 873 (citations omitted) (noting that the fact that the EEOC has been given broad power to promulgate regulations does not waive sovereign immunity and declining to find waiver of sovereign immunity where the regulations cited by plaintiff did not indicate that Congress intended to waive sovereign immunity for the types of claims at issue); *see also Heller v. United States*, 776 F.2d 92,

98 n. 7 (3d Cir. 1985) ("[G]overnment regulations alone, without the express intent of Congress, cannot waive sovereign immunity.").  Finally, the Civil Rights Act of 1964 does not appear to apply at all to Ajamu's claims.  The only provision of the Civil Rights Act of 1964 that approaches the claims at issue in this lawsuit is Title II, which prohibits discrimination based on race, color, religion, or national origin in hotels, motels, restaurants, theaters, and all other public accommodations engaged in interstate commerce.  42 U.S.C. § 2000a, *et seq.*  It does not appear that Title II even applies to the USPS or the allegations of this case, but, regardless, Title II does not constitute a waiver of sovereign immunity.  *Zhu v. Gonzales*, Case No. 04-1408(RMC), 2006 WL 1274767, at *5 (D.D.C. 2006).

Ultimately, Ajamu has failed to meet his burden of proving an applicable waiver of sovereign immunity.  Recognizing, however, the Court's obligation to construe Ajamu's *pro se* Amended Complaint liberally, it is appropriate for the Court to ascertain whether Congress intended to waive sovereign immunity in situations like the one presented here – although the Court should not re-write Ajamu's Amended Complaint for him.  *See James*, 2009 WL 2901197, at *3 (citing *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993)).  Arguably, the discrimination allegations of Ajamu's Amended Complaint can be read to state a *Bivens*-type claim for constitutional violations against the USPS.  The issue then becomes whether such a claim is barred by sovereign immunity.

When sovereign immunity is an issue, courts engage in a two-part inquiry. "[A plaintiff] must first demonstrate whether there has been a waiver of sovereign immunity, and if so, whether the 'source of substantive law upon which the claimant relies provides an avenue for relief.'" *Aloupis v. U.S.*, 149 F. App'x 889, 891 (11th Cir. 2005) (cited as persuasive authority) (quoting

*Meyer*, 510 U.S. at 484).  Under this standard, any *Bivens*-type constitutional claim against the

USPS is barred by sovereign immunity.  Specifically, even if Ajamu could show that his civil

rights or constitutional tort claim falls within an applicable waiver of sovereign immunity, the

U.S. Supreme Court has held that plaintiffs cannot pursue *Bivens*-type actions against federal

agencies because only individual federal employees or officers may be the subject of *Bivens*

actions.  *Meyer*, 510 U.S. at 484-86.  Thus, the substantive law does not allow the type of relief

Ajamu seeks, and his claim is barred at the second step of the sovereign immunity analysis.  *Nalls*,

307 F. App'x at 298 (citing *Meyer*, 510 U.S. at 484-86) (district court lacked subject matter

jurisdiction over *Bivens* claim against federal agency).[19]

## V.       RECOMMENDATION.

As stated above, Ajamu's Amended Complaint includes two separate claims – one for civil

rights violations/discrimination and one for violations of FOIA.  For the reasons stated above, I

conclude that Ajamu's civil rights claims are barred by the doctrine of sovereign immunity and

that his FOIA claim is moot.  Accordingly, I **RESPECTFULLY RECOMMEND** that the Court

**GRANT** the USPS's Motion to Dismiss or for Summary Judgment (Doc. No. 18) and **DISMISS**

---

[19]There is also a strong argument that Congress has not waived the USPS's sovereign immunity for constitutional torts, thereby causing Ajamu's claim to be barred at the first step of the sovereign immunity analysis. *See James*, 2009 WL 2901197, at *5-7 (citations omitted) (concluding that, pursuant to *McCollum v. Bolger*, 794 F.2d 602, 608 (11th Cir. 1986), broad waiver of immunity located at § 401 of Postal Reorganization Act ("PRA") combined with incorporation of Federal Tort Claims Act ("FTCA") at § 409(c) of the PRA to compel the conclusion that Congress has not waived sovereign immunity for torts committed by the USPS that are not cognizable under the Federal Tort Claims Act ("FTCA")); *Meyer*, 510 U.S. at 477 (constitutional tort claims not cognizable under FTCA). *But see Fed. Ex. Corp. v. U.S. Postal Serv.*, 151 F.3d 536, 541-44 (6th Cir. 1998) (citations omitted) (holding that incorporation of FTCA into PRA at § 409(c) did not limit broad waiver of sovereign immunity at § 401 or preclude tort suits against USPS that are not cognizable under FTCA and suggesting that holding of *McCollum* would be different following Supreme Court decision in *Meyer*); *see also United States v. Q Int'l Courier, Inc.*, 131 F.3d 770, 775 (8th Cir. 1997) (Congress has waived USPS's sovereign immunity for tort claims that are not cognizable under FTCA); *Global Mail Ltd. v. U.S. Postal Serv.*, 142 F.3d 208, 215 (4th Cir. 1998) (§ 409(c) of PRA does not limit broad waiver of sovereign immunity located in § 401 such that USPS is liable in tort only for torts cognizable under FTCA).

Ajamu's claims and, thus, this lawsuit, without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 17, 2013.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy